## Case No. 969.

### BARBEE v. WILLARD et al.

[4 McLean, 356.][1]

Circuit Court, D. Indiana. May Term, 1848.

PLEADING — DECLARATION — AVERMENT OF COVENANTS PERFORMED — PARTIAL PERFORMANCE — DEMURRER.

1. The parties, plaintiff and defendants, entered into partnership and afterwards plaintiff sell-

[1] [Reported by Hon. John McLean, Circuit Justice.]

ing out to the defendants his interest in the entire concern, dissolved, the [agreement] embracing personal and real estate. The defendants agreeing to pay Barbee $6,872.72. In payment the defendant French agreed to give his note for $3,000 with interest, payable three years after date; and the other defendant agreed to convey to plaintiff 800 acres of land and other tracts on or before the 1st May, 1842. Upon the execution of such deeds and the note for $3,000, at the above date of May, 1842, Barbee was to execute a conveyance to the defendants of his interest in the partnership, etc. The plaintiff avers he has always been ready. To the declaration there was a demurrer—which was sustained, [on the ground that it should have contained an averment of at least partial performance of the covenants, or should have shown a reasonable excuse for nonperformance.]

[2. The general averment of performance of all covenants, stipulations, etc., is not sufficient under which to show partial performance, or that defendant has received a partial benefit from the contract in suit.]

[At law. Action by Barbee against Willard and French on a contract for the dissolution of a copartnership. Heard on demurrer to the declaration. Demurrer sustained.]

Mr. Smith, for plaintiff.
Bradley & Hammond, for defendants.

HUNTINGTON, District Judge. The agreement set out in the declaration (the original being lost) shows that the plaintiff and defendants were partners at Oswego, Indiana. The agreement is dated 19th March, 1842, and is in substance as follows: 1. Barbee being a resident of Troy, Ohio, and the defendants of Oswego, Indiana, agree to dissolve their partnership, the dissolution to take effect from that day, March 1842. 2. Barbee, the plaintiff is admitted to be the owner of one entire half of the lands, mills, goods, and assets of the firm. 3. He agrees to sell his undivided half to the defendants, consisting of lands, mills, wagons, horses, goods, etc. In consideration of such sale, the defendants agree to pay the debts of the firm in New York and elsewhere, some of which debts are due to Barbee individually, on notes then in his possession—and also to pay Barbee, the plaintiff, $6,872.72, it being the sum agreed on as the value of Barbee's interest in the firm and in the property by him sold to them. In payment of this sum of $6,872.72, the defendant, French, agreed to give to plaintiff his note for $3,000, with interest, payable three years after date—and Willard was to convey to Barbee eight hundred acres of land in Wells county, estimated at $2,000; forty acres in Delaware county, estimated at $200; eighty acres in Shelby county, Ohio, at $600; and a house and lot in Cincinnati, at $1,600, and also four hundred acres of land more, in Wells county, which by the terms of the contract were to be deeded to Barbee by Willard, on or before the 1st of May then next, namely, May, 1842. Upon the execution of such deed by Willard, and the execution of the note for $3,000, by

French, which, it is manifest from the general tenor of the agreement, were to be done at the same time, May, 1842, Barbee the plaintiff, was to execute a deed of conveyance to Willard and French, of his interest in the lands, etc., of the firm, upon the execution of which, Willard and French were to execute a mortgage of the whole premises, (with the exception of the Pearson tract, so called,) to Barbee, to secure the performance of their part of the agreement—Barbee giving to Willard and French two and three years for the payment of the debts, (by notes,) due to said Barbee, by the firm. The debts of the firm due to others to be secured before the expiration of two years, so that Barbee was not to be bound for them as a member of the firm. The agreement then states "possession is this day given by said Barbee of all the within described land and property, to said Willard and French, and said Willard and French do hereby give to said Barbee possession of said lands and lots to be deeded to said Barbee, and should said Willard decide to take back the twelve hundred acres of land in Wells county, at the end of three years from that date, he has the option so to do by paying said Barbee $2 50 per acre, and interest thereon, from this date," also the same option in regard to the lands in Delaware and Shelby counties, Ohio, and the house and lot in Cincinnati upon the same terms. This is the substance of the agreement set out. The plaintiff then avers that he has, 1. Faithfully kept his covenants. 2. That he has always been ready and willing to execute deeds, etc., for the lands by him sold. 3. That on the 12th of October, 1846, at Oswego, Indiana, and at the residence of Willard and French, he did duly tender and offer to deliver a good and sufficient warranty deed, with relinquishment of claim to the land described on the agreement. and by him sold, according to the true intent and meaning of his covenants, and demanded performance, etc., on their part—that they refused, etc.

He then assigns the following breaches: 1st. That the defendants have never yet paid the said sum of $6,872.72, or any part of it. 2d. That they have not settled up the liabilities of the firm, and especially the several notes due from the firm to the plaintiff individually, copies of which notes are set forth. 3d. That defendants are indebted to him the sum of $4,000, for which he held the notes of said firm, etc.

To this declaration the defendants have filed a general demurrer, and in support of the demurrer it is said that the covenants are dependent—that their deeds, notes, and mortgages are mutually to be executed on or before the 1st of May then next—that as neither did perform or offer to perform, their part of the agreement, on or before that day, neither party can sue upon the covenants in the agreement, in short, that

after the expiration of the day, either party may, if he choose, regard the agreement as at an end.

I am inclined to think, upon a full examination of the terms of the agreement, that it was the intention of the parties that the deed, mortgages and $3,000 note should be executed and exchanged at the same time, that is, on or before the first day of May, 1842. This being the case, it is very clear upon authority, that neither party could sue for a violation of the agreement, without first having offered to perform his part of it, or show some excuse for not doing so, and that offer to perform must be made within a reasonable time. It is said in Ballard v. Walker, 3 Johns. Cas. 60, that the lapse of four years after the time of performance rescinds the contract. But it is said in answer to this objection that, by the terms of the agreement, possession was given of the mills, personal property, etc., to the defendants, that this was a part of the consideration of the agreement, and as he has received a partial benefit, it would be unjust that he should enjoy that part and not be compelled to pay anything for it; and this is the true doctrine undoubtedly. See 1 Chit. Pl. 334. But, according to the same authority, "it seems necessary to aver, in the declaration, performance of at least a part of that which the plaintiff covenanted to do, or to show, that otherwise the defendants have received a partial benefit." There is no such averment in the declaration. It is true, there is a general averment that the plaintiff has kept and performed all his covenants, stipulations, etc., but this is not sufficient. Demurrer maintained.